CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 3 2005
JOHN F CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY DAVIS, #342495,<br>Petitioner, | Civil Action No. 7:05-cv-00589 |
| v. | **MEMORANDUM OPINION** |
| DEPT. OF CORRECTIONS, et al.,<br>Respondent. | By: James C. Turk<br>Senior United States District Judge |

Petitioner Jerry Davis, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner challenges his confinement pursuant to the October 12, 2004, judgment of the Circuit Court for Appomattox County, convicting him of distribution of cocaine and other charges and sentencing him to thirteen years imprisonment. Upon consideration of the petition, the court is of the opinion that it should be filed and summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing §2254 Cases,[1] for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999).

---

[1] A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

1

In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia. Second, the inmate can attack the conviction collaterally by filing a state habeas petition in the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A)(1) and §17.1-411. Finally, the inmate can file a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required. Petitioner states that he did not appeal or file any other state court petitions concerning his current claims. Petitioner's failure to exhaust the state court remedies mandates summary dismissal of the petition by this court.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 22nd day of September, 2005.

/s/ James C. Turk
Senior United States District Judge

---

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file a federal habeas petition is now limited, but that time limit is tolled (stops running) while any properly filed state habeas petition is pending in a state court. See 28 U.S.C. §2244(d).

2